# UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| CATFISH FARMERS OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> QMC FOODS, INC., *et al.*, <br><br> Defendant-Intervenors | Court No. 21-00380 |

## DEFENDANT-INTERVENORS' RESPONSE IN OPPOSITION TO PLAINTIFFS' RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD

Robert L. LaFrankie

**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
(202) 624-2868
Email: rlafrankie@crowell.com

*Counsel to Defendant-Intervenors
QMC Foods, Inc. and Colorado
Boxed Beef Company*

Dated: May 6, 2022

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

RULE 56.2 STATEMENT ....................................................................................2

STATEMENT OF THE ISSUE PRESENTED .................................................2

STATEMENT OF THE FACTS..........................................................................2

ARGUMENT .........................................................................................................3

    I.    CFA WAIVED ITS ARGUMENT CHALLENGING THE STANDING OF DEFENDANT-INTERVENORS QMC AND CBBC ..................................................................................3

CONCLUSION .....................................................................................................5

DCACTIVE-66681841.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Estate of Duncan v. Commissioner of Internal Revenue Service*,
    890 F.3d 192 (5th Cir. 2018) ...................................................................................4

*EEOC v. C.R. England, Inc.*,
    644 F.3d 1028 (10th Cir. 2011) ................................................................................4

*Hor Liang Indus. Corp. v. United States*,
    337 F. Supp. 3d 1310 (Ct. Int'l Trade 2018) ............................................................3

*Reedy v. Werholtz*,
    660 F.3d 1270 (10th Cir. 2011) ................................................................................4

*SmithKline Beecham Corp. v. Apotex Corp.*,
    439 F.3d 1312 (Fed. Cir. 2006) ................................................................................3

DCACTIVE-66681841.1

# GLOSSARY

| | |
|---|---|
| AD | Antidumping |
| CBBC | Colorado Boxed Beef Company |
| CFA | Catfish Farmers of America |
| Department | U.S. Department of Commerce |
| IDM | Issues and Decision Memorandum |
| QMC | QMC Foods, Inc. |

# INTRODUCTION

Defendant-Intervenors QMC Foods, Inc. ("QMC") and Colorado Boxed Beef Company ("CBBC") respectfully submit this short response to the Rule 56.2 motion for judgment on the agency record filed by Plaintiffs Catfish Farmers of America, *et al.* ("CFA"), CFA Br., ECF No. 34, challenging the *Final Results* of the administrative review of the antidumping ("AD") duty order on certain frozen fish fillets from Vietnam issued by the U.S. Department of Commerce ("Department").

Defendant-Intervenors address in this response brief only one specific issue, which is the "standing" issue raised by CFA in Count Six of its complaint. As discussed below, CFA "waived" this standing argument by failing to raise this issue in its opening brief. Defendant United States noted this issue in a footnote of its response brief. Def. Resp. Br., ECF No. 41 at 2 n. 1. Defendant-Intervenors separately address this standing issue, which is the sole reason for their intervention in this case. We set forth below a few additional arguments in support of Defendant's response brief on this issue. To avoid repetition, we also provide only a few additional facts about this issue for context rather than summarizing all facts.

1

# RULE 56.2 STATEMENT

The administrative determination under review is the Department's *Final Results* issued in the sixteenth administrative review of the AD order on certain frozen fish fillets from Vietnam. *Certain Frozen Fish Fillets from the Socialist Republic of Vietnam,* 86 Fed. Reg. 36,102 (Dep't of Commerce July 8, 2021*)* ("*Final Results*") (P.R. 552), Appx1088-1091, and accompanying Issues and Decision Memorandum (June 25, 2021) ("IDM") (P.R. 540), Appx1042-1087.

# STATEMENT OF THE ISSUE PRESENTED

1.  Whether CFA waived the standing argument presented in its complaint by failing to raise this issue in its opening brief to this Court?

# STATEMENT OF THE FACTS

We concur with the facts set forth in Defendant's response brief and incorporate them by reference. For purposes of the standing issue addressed in this response brief, we note further that the Department determined in the *Final Results* that Defendant-Intervenors QMC and CBBC each had "standing" to request administrative reviews of Vietnamese exporters. IDM at 9-13 (P.R. 540), Appx1050-1054. The

Department reached this decision because QMC and CBBC were each "wholesalers" of the domestic like product. *See id.* at 9.

## ARGUMENT

I. **CFA WAIVED ITS ARGUMENT CHALLENGING THE STANDING OF DEFENDANT-INTERVENORS QMC AND CBBC**

CFA alleged in Count Six of its complaint that the Department's determination that QMC and CBBC have standing to request administrative reviews of Vietnamese exporters "is not supported by substantial evidence and is not in accordance with law." Compl., ECF No. 12 at ¶ 22. CFA further stated that the Department "should have found that CBBC and QMC lack standing to request administrative reviews of Vietnamese suppliers." *Id*.

CFA failed to raise this standing claim anywhere in its opening brief and it has therefore waived its standing challenge. It is well settled law that arguments not raised in the opening brief are waived. *Hor Liang Indus. Corp. v. United States*, 337 F. Supp. 3d 1310 (Ct. Int'l Trade 2018) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (citations omitted); *see also SmithKline Beecham Corp. v.*

3

*Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) ("{A}rguments not raised in the opening brief are waived.") (citation omitted). Moreover, an issue not "mentioned in the opening brief, much less argued{,}" is "therefore abandoned." *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011).

Indeed, even where a party purports to pursue an issue, it will nonetheless be deemed waived if the party does not actually present argument on that issue. *See EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1050 n.18 (10th Cir. 2011) (finding claim had been waived because appellant "failed to present any argument or authority in support of this particular … claim").

Here, CFA makes no mention of the standing issue in its brief at all, let alone present argument on that issue sufficient to preserve it. And having failed to address the standing issue in its opening brief, CFA cannot resuscitate this issue in its reply brief. *See Reedy*, 660 F.3d at 1274 ("{A} party waives issues and arguments raised for the first time in a reply brief.") (citation omitted); *see also Estate of Duncan v. Commissioner of Internal Revenue Service*, 890 F.3d 192, 202 (5th Cir.

4

2018) ("{A}rguments raised for the first time in a reply brief are waived.") (citation omitted).

## **CONCLUSION**

For these reasons, we respectfully request that the Court hold that CFA has waived is "standing" challenge and that it otherwise sustain the Department's determination that QMC and CBBC have standing to request administrative reviews of Vietnamese exporters.

Respectfully submitted

/*s*/ Robert L. LaFrankie
Robert L. LaFrankie

CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004

*Counsel to QMC Foods, Inc. and Colorado Boxed Beef Company*

May 6, 2022

5

# CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this brief contains 778 words, excluding the table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature, as calculated by the word processing system used to prepare this brief (Microsoft Word), and therefore complies with the maximum 7,000-word count limitation applicable to this brief.

/*s*/ Robert L. LaFrankie
Robert L. LaFrankie
